**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BYRON KEITH GORDON,<br>          Appellant, | DOCKET NUMBER<br>DA-0752-23-0294-I-2 |
| v. | |
| U.S. POSTAL SERVICE,<br>          Agency. | DATE:  August 11, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Byron Keith Gordon, Beaumont, Texas, pro se.

Roderick Eves, Esquire, Theresa M. Gegen, Esquire, and
  Mark A. Koupal Jr., Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal.  For the reasons discussed below, we GRANT his petition for review, VACATE the initial decision, and REMAND the case to the Dallas Regional Office for further adjudication of the appellant's affirmative defense under the Uniformed Services Employment and Reemployment Rights Act of 1994

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

(codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as Custodial Laborer with the agency in Beaumont, Texas. *Gordon v. U.S. Postal Service*, MSPB Docket No. DA-0752-23-0294-I-1, Initial Appeal File (IAF), Tab 9 at 22. Effective May 12, 2023, the agency removed him from his position based on the charge of unacceptable attendance. *Id.* at 14.

The appellant filed an appeal with the Board challenging his removal. IAF, Tab 1. He raised affirmative defenses of harmful procedural error and disability discrimination. *Gordon v. U.S. Postal Service*, MSPB Docket No. DA-0752-23-0294-I-2, Appeal File (I-2 AF), Tab 8 at 2, Tab 14 at 3. After holding a hearing, the administrative judge issued an initial decision sustaining the appellant's removal. I-2 AF, Tab 27, Initial Decision (ID) at 2, 19. The administrative judge found that the agency proved the charge, nexus, and the reasonableness of the penalty. ID at 4-9, 16-18. She also found that the appellant did not prove his affirmative defenses of harmful procedural error and disability discrimination. ID at 9-16.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 4. The agency has responded to the petition for review and the appellant has replied. PFR File, Tabs 6-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the agency proved its charge of unacceptable attendance.

Under its charge of unacceptable attendance, the agency alleged that, from November 23, 2022, to January 26, 2023, the appellant had incurred numerous unscheduled absences. IAF, Tab 9 at 14. Specifically, the notice of proposed removal stated that the appellant had unscheduled absences for full or partial day approved sick leave or leave without pay (LWOP) on November 23, 2022,

December 5-7, 2022, December 19, 2022, January 5, 2023, January 9, 2023, and January 26, 2023.  *Id.* at 23.

As a general rule, an agency's approval of leave for unscheduled absences precludes it from taking an adverse action based on such absences.  *Wesley v. U.S. Postal Service*, 94 M.S.P.R. 277, ¶ 14 (2003).  However, the Board has recognized exceptions to this rule for the Postal Service, which is not subject to the leave regulations of 5 C.F.R. part 630.  *Id.*  The Postal Service may take disciplinary action against an employee based on his failure to follow leave-requesting procedures and his use of unscheduled leave, provided that the employee is clearly on notice of such requirements and of the likelihood of discipline for continued failure to comply.  *Id.*; *Fleming v. U.S. Postal Service*, 30 M.S.P.R. 302, 304-05, 308 (1986).

The administrative judge properly found that the agency could discipline the appellant for unscheduled leave, even if the leave was later approved.  ID at 10.  In sustaining the charge, the administrative judge considered the hearing testimony, including that of the appellant and the proposing official.  The administrative judge credited the proposing official's testimony that the appellant was absent on the dates in question, that the absences were unscheduled, that he did not request leave in advance, before the work schedules are posted on Wednesdays as required, and that he did not request leave pursuant to, or invoke, the Family and Medical Leave Act of 1993 (FMLA) with regard to the absences in question.  ID at 5-9.  The administrative judge found that the agency's records show that the appellant incurred unscheduled absences on the dates cited in the notice of proposed removal. ID at 6-8; *see* IAF, Tab 10; I-2 AF, Tab 4.  She explained that the appellant's failure to request leave in advance was unacceptable even though his supervisor ultimately approved his leave requests.  ID at 5-8.

On review, the appellant reiterates that his removal was based on computer-generated, unsigned PS Form 3971s (Requests for or Notifications of Absence) that were made up by the agency.  PFR File, Tab 4 at 5, 7; IAF, Tab 25

at 4-5. This argument is unpersuasive. As the administrative judge noted, the PS Form 3971s provided by the appellant were the same as those provided by the agency with respect to the dates at issue. ID at 9, 15 n.11; I-2 AF, Tab 4 at 20-27; IAF, Tab 10 at 33-40. Moreover, as the administrative judge found, the appellant was on notice that he was expected to request leave and obtain approval for leave before taking it, and that he could face disciplinary action including removal for failing to be regular in attendance. ID at 4-5, 8; IAF, Tab 10 at 57-58. There is no dispute that the appellant received prior discipline regarding his unacceptable attendance and failure to maintain a regular work schedule, including a letter of warning in April 2022, a 7-day suspension in July 2022, and a 14-day suspension in December 2022. I-2 AF, Tab 13 at 4-5 (parties' joint stipulations). Based on the record evidence, we find that the appellant failed to comply with the leave-requesting procedures on multiple occasions, i.e., he repeatedly did not request leave in advance or by the Wednesday before the requested leave.

When the FMLA is implicated relative to a leave-related charge, the agency must prove that it complied with FMLA as part of its overall burden of proving the charge. *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 73-74 (1997), *overruled on other grounds in Bushkell v. Department of Justice*, 2026 MSPB 2, ¶¶ 23-25. The administrative judge found that FMLA was not implicated here. ID at 8-9. The parties do not challenge this finding on review, and we discern no basis to disturb it. Thus, we agree with the administrative judge that the agency proved the charge. ID at 8.

The administrative judge properly found that the appellant failed to prove his affirmative defense of harmful procedural error.

Under the harmful error standard, reversal is only warranted if the appellant proves, by preponderant evidence, that there was a procedural error that was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 11 (2016), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018);

5 C.F.R. §§ 1201.4(r), 1201.56(b)(2)(i)(C). As discussed below, we agree with the administrative judge that the appellant did not prove his harmful procedural error claim. ID at 12.

> *The appellant did not prove that his removal was punitive rather than corrective in violation of the CBA.*

The Board will treat the provisions of a collective bargaining agreement (CBA) to which the agency is a party in the same manner as it treats the provisions of the agency's regulations. *Simmons v. Department of the Air Force*, 99 M.S.P.R. 28, ¶ 34 (2005), *aff'd per curiam sub nom. Gebhardt v. Department of the Air Force*, 186 F. App'x 996 (Fed. Cir. 2006). An agency is required to act in accordance with the regulations and procedures it adopts for itself, but an employee will have the burden of proving that the agency committed harmful error by failing to follow those rules. *Id.*

The appellant reiterates on review that his removal was punitive rather than corrective in violation of Article 16 of the CBA. PFR File, Tab 4 at 4, 8; I-2 AF, Tab 14 at 3-4. Article 16, Section 1 of the National Agreement between the National Association of Letter Carriers and the agency states that "discipline should be corrective in nature, rather than punitive." I-2 AF, Tab 14 at 6. The administrative judge concluded that the agency complied with this requirement by issuing progressive, corrective action against the appellant before resorting to removal. ID at 10. For prior instances of unacceptable attendance and failure to maintain a regular work schedule, the agency issued the appellant a letter of warning in April 2022, a 7-day suspension in July 2022, and a 14-day suspension in December 2022. ID at 10; I-2 AF, Tab 13 at 4-5. The appellant has not identified any error in the administrative judge's reasoning. Thus, we agree with the administrative judge that the penalty the agency imposed was not in violation of the CBA. ID at 10.

*The appellant did not prove that the agency relied on an expunged 14-day suspension in removing him.*

The appellant appears to reraise his argument that the agency improperly relied on an expunged 14-day suspension in removing him. PFR File, Tab 4 at 3; I-2 AF, Tab 20 at 2-4. After reviewing the record, we agree with the administrative judge that the expunged 14-day suspension, which was dated June 8, 2022, was not the same 14-suspension cited in the notice of proposed removal and the decision, which was dated December 13, 2022. ID at 10-11; I-2 AF, Tab 4 at 14-15, Tab 20 at 3-7. The appellant presented no evidence on review that the deciding official considered the expunged 14-day suspension, and the administrative judge specifically noted that the deciding official did not reference the expunged 14-day suspension during the hearing. ID at 11. Thus, we agree with the administrative judge that the appellant failed to prove any agency error. ID at 10.

*The appellant's remaining claims are unavailing.*

The appellant refers to a statement, the joint stipulations of fact, that he contends misrepresents facts concerning his prior discipline and that he alleges the agency representative tricked or coerced him into signing. PFR File, Tab 4 at 7-8. When an appellant has stipulated to matters below and, at the time, did not object to or seek clarification of the stipulation, he may not challenge the stipulations on review. *See Taylor v. Department of the Army*, 44 M.S.P.R. 471, 473-74 (1990) (so stating regarding an appellant's challenge on review to a stipulation that narrowed the charges at the hearing). The agency representative stated that the parties conferred and agreed to the joint stipulation of facts on January 10, 2025. I-2 AF, Tab 13 at 4. There is no indication in the record that the appellant previously expressed his concerns regarding the stipulations. He has also not shown that the facts contained in any particular stipulation were inaccurate. We are not persuaded that the agency's actions constituted harmful procedural error.

The appellant claims that the agency violated unspecified chapter 75 procedural requirements and generally committed prohibited personnel practices

under 5 U.S.C. § 2302, and he states that the Office of Personnel Management "issues regulations that further define leave rights [and] procedures." PFR File, Tab 4 at 5-6. The appellant's conclusory claims of error are not supported by any evidence or argument and therefore do not meet the Board's review criteria. *See* 5 C.F.R. § 1201.115(b) (specifying that a party who seeks review because the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case must explain how the error affected the outcome of the case). It is not apparent how his general citations to various statutes and regulations relate to his harmful procedural error claim, and the appellant has provided no substantive explanation in that regard. Therefore, we will not address those allegations further.

<u>The appellant does not challenge the administrative judge's determination that he did not prove his affirmative defense of disability discrimination.</u>

The appellant alleged below that the agency discriminated against him based on his status as disabled and harassed him because of his disability. I-2 AF, Tab 4 at 28-31, 33-34, Tab 25 at 2-3, 5-6. The administrative judge concluded that the appellant did not prove these claims. ID at 12-16. In essence, the administrative judge reasoned that the appellant's testimony and allegations denying that he spit on people, accusing coworkers of mistreating him, asserting that the disciplinary process was a ruse to harass him, and alleging other agency wrongdoing, were not relevant to any alleged discriminatory animus. *Id.* The appellant does not challenge the administrative judge's findings regarding this defense on review, and we discern no reason to disturb them.

<u>We remand this appeal for consideration of the appellant's affirmative defense under USERRA.</u>

The appellant alleged below that the agency discriminated against him based on his service-related disability. IAF, Tab 5 at 2-5. The administrative judge did not address this claim in the initial decision, stating instead that the appellant could file a separate USERRA appeal. ID at 15 n.10.

When an administrative judge has not addressed an affirmative defense, the Board has set forth a nonexhaustive list of factors to be considered in determining whether the appellant demonstrated his intent to continue pursuing his affirmative defense such that remand is necessary. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18. The factors include: (1) the thoroughness and clarity with which the appellant raised his affirmative defense; (2) the degree to which the appellant continued to pursue his affirmative defense in the proceedings below after initially raising it; (3) whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense when he was specifically afforded an opportunity to object and the consequences of his failure were made clear; (4) whether the appellant raised his affirmative defense or the administrative judge's processing of the affirmative defense claim in his petition for review; (5) whether the appellant was represented during the course of his appeal before the administrative judge and on petition for review, and if he was not, the level of knowledge of Board proceedings possessed by the appellant; and (6) the likelihood that the presumptive abandonment of the affirmative defense was the product of confusion, or misleading or incorrect information provided by the agency or the Board. *Id.*, ¶ 18. Applying these factors, we find that remand is necessary for adjudication of the appellant's affirmative defense.

Applying the first factor, we conclude that the appellant clearly implicated USERRA when he alleged below that his service-connected disability was a reason for his removal. IAF, Tab 5 at 3. We have considered that the appellant's claim that he was discriminated against based on a disability incurred during military service is not cognizable under USERRA. *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 22 (2013). However, USERRA claims are broadly and liberally construed, *id.*, and we do not believe that the merits of his claim are relevant to whether he raised it.

Applying the second factor, the appellant continued to pursue his affirmative defense after initially raising it. Despite not addressing the appellant's USERRA

claim as an affirmative defense in the initial decision, the administrative judge recognized in the initial decision that the appellant attested during the hearing that he was a U.S. Marine and that the agency applies pressure on people who served their country. ID at 15; I-2 AF, Tab 24-3, Hearing Recording (testimony of the appellant).

The third factor is less favorable to the appellant. The administrative judge issued a prehearing conference order which did not include a USERRA claim as an issue on appeal and precluded all other issues. I-2 AF, Tab 8 at 2. The parties were provided an opportunity to object to the prehearing conference order, but the appellant did not do so. I-2 AF, Tab 8 at 7, Tab 24-2, Hearing Recording (opening remarks of the administrative judge). Applying the fourth factor, the appellant raised his affirmative defense in his petition for review by alleging that if an employee is affected by a leave issue related to their military service, USERRA provides additional protection. PFR File, Tab 4 at 6. Applying the fifth factor, the appellant has been pro se throughout the proceedings, and there is no reason to believe that he is particularly knowledgeable about Board procedures.

Concerning the sixth factor, the administrative judge and the agency did not provide misleading or incorrect information. However, it was not until after the administrative judge issued the prehearing conference order delineating the issues on appeal that she notified the appellant of the standards and burdens of proof for his potential affirmative defenses, including an affirmative defense under USERRA, and provided him an opportunity to submit additional evidence and argument on those issues. I-2 AF, Tab 9 at 19-21. The administrative judge did not issue a new order delineating the issues on appeal after the appellant responded as to his harmful procedural claim but not his USERRA claim. Considering his pro se status, his apparent confusion regarding how to preserve his USERRA claim, and the other factors above, we find that the appellant did not waive or abandon his affirmative defense under USERRA. *See Thurman*, 2022 MSPB 21, ¶¶ 25-26 (recognizing that the Board has granted leniency to appellants in circumstances in

which they obviously were confused or mistaken about the Board's instructions, which may be especially true if the appellant is proceeding pro se).

If an appellant either explicitly or implicitly raises a USERRA affirmative defense, the administrative judge must inform him of his burden of proof and his burden of going forward with the evidence, as well as of the type of evidence necessary to prove the defense. *Fox v. U.S. Postal Service*, 88 M.S.P.R. 381, ¶¶ 10, 14 (2001); *see Brasch v. Department of Transportation*, 101 M.S.P.R. 145, ¶ 14 (2006). The administrative judge issued a notice regarding potential affirmative defenses, identifying the two types of USERRA claims and advising the appellant of his burden and the elements of proof. I-2 AF, Tab 9 at 19-21. However, she did not explain the type of evidence necessary to satisfy his burden.

Accordingly, on remand, the administrative judge shall adjudicate this affirmative defense, including holding a supplemental hearing if requested by the appellant. *See Rassenfoss v. Department of the Treasury*, 121 M.S.P.R. 512, ¶ 18 (2014) (remanding a USERRA reemployment claim when, among other things, the administrative judge did not adequately apprise the appellant of the burdens of proof and the type of evidence necessary to satisfy those burdens). In adjudicating this USERRA claim, the administrative judge should issue an order that apprises the appellant of his burden and the type of evidence necessary to prove the claim. *See Thurman*, 2022 MSPB 21, ¶ 17 n.7 (explaining that if the Board determines that an administrative judge erred in finding that an appellant abandoned or waived a claim, and neither the initial decision nor the agency's filings placed the appellant on notice of his burdens, a remand will still be necessary to provide the appellant with adequate notice of his burdens).

The administrative judge properly found that removal was a reasonable penalty.

The administrative judge found that the deciding official properly considered the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 180, 305-06 (1981) and that the removal penalty was within the tolerable limits of

reasonableness. ID at 17-18. The appellant disputes the administrative judge's decision to sustain the agency's penalty. As discussed below, we discern no error.

When, as here, the agency's charge is sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Thomas v. Department of the Army*, 2022 MSPB 35, ¶ 19. In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Id.* The Board will modify or mitigate an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors, or the penalty clearly exceeds the bounds of reasonableness. *Id.*

The removal decision and the hearing testimony of the deciding official, as summarized in the initial decision, as well as the deciding official's written analysis of the *Douglas* factors, support the administrative judge's determination that the deciding official properly considered those factors in sustaining the appellant's removal. IAF, Tab 9 at 15-17; ID at 18. The deciding official found that removal was the appropriate penalty in light of the appellant's prior discipline for similar attendance issues, which demonstrated that he did not take attendance issues seriously. IAF, Tab 9 at 15; *see Jinks v. Department of Veterans Affairs*, 106 M.S.P.R. 627, ¶ 25 (2007) (stating that prior discipline can be considered as notice that the appellant had been warned about the type of misconduct involved). The deciding official considered the appellant's 4 years of military service and his 27 years of Federal civilian service as mitigating factors, and she noted that she was not aware of any other mitigating factors because the appellant did not respond to the notice of proposed removal. *Id.* at 16-17. She opined that she did not believe that the appellant had rehabilitative potential given his continuing failure to report for duty as scheduled and comply with the agency's leave procedures. *Id.* at 17.

The appellant appears to challenge the validity of his prior discipline on review. PFR File, Tab 4 at 3. He claims that the letter of warning, the prior suspensions, and his removal are false, the charges are manufactured, and he never received the notices/decisions. PFR File, Tab 7 at 2, Tab 8 at 2-3. The appellant was informed of the actions in writing, and the evidence does not support his assertion of non-receipt. IAF, Tab 9 at 23-27, Tab 11 at 15-17, Tab 25 at 8-27; I-2 AF, Tab 4 at 5, 7-15. Moreover, the appellant did not challenge the validity of the prior discipline before the administrative judge, with the exception of his expunged 14-day suspension, which, as the administrative judge noted, was not a consideration in the agency's decision to remove him. ID at 11; *see Rosenberg v. Department of Transportation*, 105 M.S.P.R. 130, ¶ 34 (2007) (stating that Board review of prior agency discipline is only required when the appellant has actually challenged the validity of her prior discipline on appeal). Even if the appellant had raised this issue before the administrative judge, the parties' stipulations constituted verification of the appellant's prior discipline, I-2 AF, Tab 13 at 4-5, and the appellant's prior discipline would meet the criteria for limited review under *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981).

The Board's review of a prior disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline. *Id.* The appellant argues that he was denied grievance-arbitration procedures for his prior discipline and his removal. PFR File, Tab 4 at 3. In the letter of warning, the notices of suspensions and proposed removal, and the removal decision, the appellant was informed of his right to file a grievance under the grievance-arbitration procedures set forth in Article 15 of the National Agreement. IAF, Tab 9 at 20, 25, Tab 10 at 62, Tab 11 at 13, 17. The appellant submitted evidence showing that he filed grievances of his expunged 14-day suspension and some other actions. I-2 AF, Tab 4 at 19, 47-51, Tab 20 at 3-7.

Regardless of the outcome of the grievances, he was permitted to exercise his right to pursue that option. He was therefore permitted to dispute the charges before a higher level of authority than the one that imposed the discipline. Accordingly, we discern no error in the administrative judge's determination that the penalty of removal was reasonable. ID at 17-18; *see Fleming*, 30 M.S.P.R. at 303, 308-10 (finding the appellant's removal for continued failure to be regular in attendance and absence without leave was reasonable).

## ORDER

For the reasons discussed above, we remand this case to the Dallas Regional Office for further adjudication in accordance with this Remand Order. If the appellant does not prevail on his affirmative defense on remand, the administrative judge may incorporate into the new initial decision her original findings with respect to the agency's charge, nexus, and the reasonableness of the penalty, as appropriate, taking into consideration any new testimony or other evidence that the parties introduce.[2]

FOR THE BOARD:                    _____

                                  *Gina K. Grippando*

                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.

---

[2] The appellant does not challenge the administrative judge's findings on nexus, and we discern no error in her reasoning.